UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE HOWLAND JACKSON, SR., | Case No. 16-CV-0398 (JRT/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| WALGREENS COMPANY; JOHN DOE #1; and JOHN DOE #2, | |
| Defendants. | |

Plaintiff George Howland Jackson, Sr. filed this action alleging that defendants violated his federal rights when they ejected him from their pharmacy. Jackson did not pay any filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. In an order dated March 3, 2016, this Court noted that Jackson qualified financially for IFP status, but that his complaint failed to state a plausible claim that defendants acted unlawfully. Rather than recommending dismissal of the complaint, this Court provided Jackson with an opportunity to amend his complaint.

Jackson has since filed an amended complaint including largely the same factual allegations as previously and raising five claims for relief: racial discrimination in violation of 42 U.S.C. § 2000A; racial discrimination in violation of 42 U.S.C. § 1981; intentional infliction of emotional distress; "tortious misconduct" under 28 U.S.C. § 1343; and making of false statements to the Minnesota Department of Human Rights under 18 U.S.C. § 1001. This matter is once more before the Court on consideration of Jackson's IFP application.

Again, based on the information provided by Jackson in his IFP application, the Court finds that Jackson qualifies financially for IFP status. However, an IFP application will be

denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jackson alleges that, on February 20, 2015, he entered a Walgreens pharmacy in St. Paul, Minnesota, and, upon entering the store, spoke to a white female customer that he thought he recognized. *See* Am. Compl. ¶ 7 [ECF No. 4]. The customer did not say anything to him but did later "roll her eyes." *Id*. As the customer was paying for her items, the cashier (defendant John Doe #1) ordered Jackson to leave the store, saying "we don't want your kind here." *Id*. A store manager (defendant John Doe #2) also told Jackson he had to leave and called the police when he did not. *Id*.

Based on those allegations, Jackson raises four federal-law claims and one state-law claim. This Court will first examine the federal law claims:

Three of the four federal claims brought by Jackson are plainly improper. Jackson has not adequately alleged that Walgreens is a "public accommodation" as that term is defined by § 2000A(b), and thus Jackson cannot maintain an action against Walgreens or its employees under that provision. Jackson's false-statements claim purports to be raised under 18 U.S.C. § 1001,[1] but there is no private right of action under this federal criminal statute. *See Patil v. Minnesota State Univ., Mankato*, No. 12-CV-1052 (JRT/JSM), 2012 WL 7807608, at *12-13 (D. Minn. Dec. 10, 2012) (collecting cases). And § 1343 is a jurisdictional statute, not itself a cause of action.[2] These claims are not viable, and there is little chance that Jackson could plausibly allege violations of these statutes against Walgreens and its employees. This Court therefore recommends that these claims (Counts I, IV, and V) be summarily dismissed with prejudice.

Jackson's claim under § 1981 is closer to the mark legally, but still fails for lack of plausible factual allegations showing discriminatory intent. A claim under § 1981 has four elements: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009). Jackson's amended complaint fails at the second element. The factual allegations in the amended complaint, even if proved true, do not create a plausible inference that Walgreens or its employees told Jackson to

---

[1] Jackson does not cite that statute directly, but the uncited statute he invokes is § 1001.

[2] Even assuming that Jackson intended to invoke the causes of action for which § 1343 provides jurisdiction, his claim must still be dismissed. First, as explained more fully below, Jackson has not plausibly alleged racial discrimination by Walgreens. Second, Jackson has not adequately alleged either the existence of a conspiracy or action taken by Walgreens under color of State law, as required to invoke the statutes for which § 1343 provides jurisdiction.

leave because he is black (or because of any other impermissible purpose).[3]  Instead, Jackson's allegations make clear in the amended complaint that Walgreens had a sufficient non-pretextual reason for telling him to leave — the harassment, either real or perceived, of a fellow customer. Jackson acknowledges that he approached a customer who he did not know, that the customer refused to respond to him, and that he was ejected from the store after the customer spoke with a Walgreens employee and rolled her eyes in the presence of that employee.  *See* Am. Compl. ¶ 7. These allegations support a strong inference that Walgreens employees were acting to prevent further harassment of customers by Jackson.

By contrast, the non-conclusory allegations that Jackson marshals in his favor are not enough to create a plausible inference of discrimination.  For example, Jackson suggests that defendants had singled him out because of his race because "no other customer was ask[ed] to leave."  Am. Compl. ¶ 8.  But, if anything, this allegation undercuts the plausibility of his racial-discrimination claim; Jackson alone was perceived as harassing another customer, and Jackson alone was asked to leave.  Jackson also contends that he had could not have been seen as harassing anyone because the customer was with another person (a white male), and "you would think the white male with the white female would have said [s]omething to the Plaintiff if the plaintiff said anything out of line."  Am. Compl. ¶ 7.  This is a stretch; rather than confronting Jackson directly, the customer and the customer's companion easily could have decided the best

---

[3]Jackson's claims are primarily based on alleged racial discrimination, but he also suggests at times that his gender played a role in the ejection.  Any gender-discrimination claim is wholly unsupported by the factual allegations provided by Jackson.  No rational trier of fact could infer from the allegations in the amended complaint that the Walgreens employees acted as they did because Jackson is male.

way to handle the situation would be to alert Walgreens employees to Jackson's conduct. On Jackson's own allegations, it appears this is exactly what happened.

Jackson also alleges that "It's the Belief the plaintiff has gone through Similar experience with the defendants at the same location[.]" Am. Compl. ¶ 10 (sic throughout). This is a peculiar factual allegation; Jackson would almost certainly know for certain whether he has previously been ejected from Walgreens previously. The allegation also undermines the plausibility of Jackson's claim that racial animus motivated Walgreens. If Jackson had been ejected from that particular Walgreens before (under circumstances not explained by Jackson), then it is likely that Walgreens employees, including John Doe #2 (the store manager), would have been especially sensitive to perceived misconduct by Jackson on this occasion.

The closest Jackson comes to raising a plausible allegation of racial discrimination is when he states that one of the Walgreens employees told him that "[w]e don't [w]ant your kind here." Am. Compl. ¶ 7. The statement — assuming (as this Court must at this stage of the proceedings) that it was in fact made — is troubling, but it is not enough by itself to show that Walgreens or its employees acted basis of Jackson's race. On Jackson's own allegations, the statement was made after the employee had spoken with the customer who had previously rebuffed Jackson, and any statement about Jackson's "kind" not being wanted could just as easily been referring to Jackson's perceived status as a troublemaker. More importantly, Jackson has practically nothing besides this ambiguous statement to base his discrimination claim upon. All of the other allegations in Jackson's complaint point strongly towards the inference that he was ejected for a permissible purpose.

Because Jackson has not adequately alleged facts that plausibly demonstrate discriminatory intent, this Court recommends that Jackson's claim under § 1981 (Count II) be dismissed *without* prejudice at this time. Because the recommendation is for dismissal without prejudice, Jackson may pursue claims of racial discrimination against Walgreens and its employees for the events at issue in this case as part of future litigation. Any future complaint, however, must include sufficient factual allegations to support a plausible inference of discriminatory intent.

Jackson's final claim (Count III) is for intentional infliction of emotional distress under state law. The Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). The Court lacks original jurisdiction over this state-law claim — it does not present a federal question, and both Jackson and the John Doe defendants are alleged to reside in Minnesota — and this Court therefore recommends that this state-law claim be summarily dismissed without prejudice.

Finally, the Federal Bar Association ("FBA") has a panel of volunteer lawyers who can often assist pro se litigants. Jackson has asked to be referred to that panel. *See* ECF No. 5. Such a referral is entirely unnecessary, though; Jackson has been referred to the FBA before by the Court, and he therefore knows how to contact the FBA again if he needs help finding an attorney. To the extent that Jackson is requesting appointment of counsel, pro se litigants such as Jackson do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Neither the facts nor the legal issues involved in this case are complex. Moreover, Jackson has at least the threshold ability to articulate his

claims — that is, this Court fully understands what Jackson is trying to allege — and he has frequently litigated lawsuits in this District previously. At this juncture, this is not an appropriate case for appointment of counsel.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Counts I, IV, and V of the amended complaint be SUMMARILY DISMISSED WITH PREJUDICE.

2. Counts II and III be SUMMARILY DISMISSED WITHOUT PREJUDICE.

3. The application to proceed *in forma pauperis* of plaintiff George Howland Jackson, Sr. [ECF No. 2] be DENIED.

Dated: April 15, 2016                                    s/Franklin L. Noel
                                                         Franklin L. Noel
                                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.