# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE HOWLAND JACKSON, SR., | Civil No. 16-0398 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| WALGREENS COMPANY, JOHN DOE #1, and JOHN DOE #2, | |
| Defendants. | |

George Howland Jackson, Sr., 1430 Concordia Avenue, Suite 40488, Saint Paul, MN  55104, *pro se*.

Plaintiff George Howland Jackson, Sr. alleges in this § 1983 action that Defendants Walgreens Company, John Doe #1, and John Doe #2 violated his federal and state rights by telling him to leave a Walgreens store.  Jackson filed an application to proceed *in forma pauperis* ("IFP").   After reviewing Jackson's Complaint and IFP Application, United States Magistrate Judge Franklin L. Noel found that while Jackson qualified financially for IFP status, his complaint failed to state a claim.  (Order at 1, Mar. 3, 2016, Docket No. 3); *see* 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that the Court "shall" dismiss IFP-based complaints that fail to state a claim); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (summarizing the statute).  But rather than recommending dismissal, the Magistrate Judge gave Jackson an opportunity to file an amended complaint.  (Order at 2-3.)  Jackson filed an amended complaint raising five claims:

(1) racial discrimination in violation of 42 U.S.C. § 2000A; (2) racial discrimination in violation of 42 U.S.C. § 1981; (3) intentional infliction of emotional distress; (4) "tortious misconduct" under 28 U.S.C. § 1343; and (5) making of false statements to the Minnesota Department of Human Rights under 18 U.S.C. § 1001.  After reviewing the amended Complaint, the Magistrate Judge again found that Jackson had failed to state a claim because the facts as alleged could not give rise to relief under any of the claims Jackson had brought.  (Report and Recommendation ("R&R") at 1-7, Apr. 15, 2016, Docket No. 6.)  The Magistrate Judge therefore recommended that the Court dismiss Jackson's entire amended complaint.  But the Magistrate Judge only recommended that Counts 1, 4, and 5 be dismissed with prejudice, because it is conceivable that Jackson could allege facts sufficient to state his legal claims in Counts 2 and 3.

Jackson filed timely objections to the R&R.  (Objs., Apr. 29, 2016, Docket No. 7.) Jackson attached to his Objection a document titled "Charge of Discrimination" dated from 2011 which he had apparently filed with the Minnesota Department of Human Rights.  (*Id.*, Attach. at 1.)

The Court finds that Jackson's objections do not address matters pertinent to whether his claims should or should not be dismissed, and in any event, the Court finds no error in the R&R.  The Court will therefore overrule Jackson's objections, adopt the R&R, and dismiss Jackson's amended complaint – Counts 1, 4, and 5 with prejudice, and Counts 2 and 3 without prejudice.

## ANALYSIS

### I.    STANDARD OF REVIEW

Upon the filing of a Report and Recommendation by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### II.   JACKSON'S SPECIFIC OBJECTIONS

The Court understands Jackson to make three specific objections to the R&R. First, he specifies that Defendant John Doe #1 – the cashier at the at-issue Walgreens on the date in question – is a man named Cody Perkins. (Objs. at 1.) The Court takes note that Jackson believes John Doe #1 to be Cody Perkins, but that fact alone has no bearing

on the Magistrate Judge's finding that Jackson has not stated a claim.  His first objection will therefore be denied.   Additionally, the Court notes that if Jackson wishes to substitute Cody Perkins for John Doe #1 if and when he files a new complaint involving Counts 2 and 3 – which are being dismissed, but without prejudice – then he should name Perkins as a party instead of "John Doe #1."

Second, Jackson objects that the Magistrate Judge erred by "positing the plaintiff in a different part of The store referencing Jackson was in the Pharmacy Dept. whereby again Jackson was still at the Front Door."  (*Id.* at 1.)  The R&R states, "Jackson . . . entered a Walgreens pharmacy in St. Paul, Minnesota."  (R&R at 2.)  The R&R's usage of the word "pharmacy" is to describe the type of store Walgreens is – a Walgreens is a pharmacy – not to describe the area where Jones was standing within the store.  The Court will therefore overrule the objection.

Third, Jackson objects that the Magistrate Judge should have "move[d] or order[ed] the Minnesota chapter of federal bar association to help with the amend complaint."  (Objs. at 2.)  As the Magistrate Judge noted, the Court has already referred Jackson to the Federal Bar Association ("FBA") (R&R at 6), and Jackson has apparently contacted the FBA to request assistance (*see* Objs. at 2).  Jackson argues that the FBA should have helped him more than it has.  (*See* Objs. at 2.)  The Court is not the place to evaluate the assistance the FBA has given Jackson – but the Court's referral is no longer necessary for Jackson; he knows how to contact the FBA should he desire further assistance from them.  Additionally, to the extent Jackson requests that the Court appoint him an attorney, the Court agrees with the Magistrate Judge that up until now Jackson has

been more than capable of relating the facts of his allegations to the Court, and that Jackson's legal claims are not so complex that an attorney must be appointed. (*See* R&R at 6-7); *see also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (detailing the factors for court appointment of an attorney in a civil case).

## III.   JACKSON'S GENERAL OBJECTION

In addition to these three specific objections, Jackson offers a general objection to the R&R. (*See* Objs. at 1-3 (criticizing the Magistrate Judge's opinion in a general manner).) The Court will therefore review the remaining portions of the R&R for clear error.

First, the Court notes that the Magistrate Judge did not clearly err in recommending that Count 1, 4, and 5 be dismissed with prejudice. On Count 1, Jackson alleges a claim under 42 U.S.C. § 2000a, but that section only governs the conduct of "public accommodations," and Jackson has not adequately alleged that Walgreens is a "public accommodation."[1] For Count 2, Jackson alleges a claim for false-statements

---

[1] 42 U.S.C. § 2000a(b) defines "public accommodation" as the following, assuming they either affect interstate commerce or if they are supported by state action:

> **(1)** any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

> **(2)** any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(Footnote continued on next page.)

under 18 U.S.C. § 1001, but as the Magistrate Judge noted, that statute is a criminal statute typically enforced by the United States Attorney; the statute does not contain a private right of action permitting persons like Jackson to enforce it. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Patil v. Minn. State Univ., Mankato*, No. 12-1052, 2012 WL 7807608, at *13 (D. Minn. Dec. 10, 2012) (report of magistrate judge) (collecting cases); *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596, 596 (9th Cir. 2010) (stating the same for a different criminal statute). And for Count 3, Jackson brought that claim under 28 U.S.C. § 1343, a jurisdictional statute that carries no substantive law on its own.[2] The Magistrate Judge did not err with respect to his finding that these counts should be dismissed, and he did not err in recommending they be dismissed with prejudice because it is not likely that Jackson could allege any additional facts that could salvage the claims. *See Bounds v. Hanneman*, No. 13-266, 2014 WL 1303715, at *14 (D. Minn. Mar. 31, 2014) (quoting *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009)) (stating dismissal with prejudice is appropriate when the Court

_____

(Footnote continued.)

    **(3)** any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

    **(4)** any establishment (A) (i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

    [2] To the extent intended to invoke the causes of action for which § 1343 provides jurisdiction, the Court refers to footnote 2 in the R&R, which notes that Jackson has failed to state a claim under those laws as well because he has alleged neither a discriminatory intent nor a conspiracy. (*See* R&R at 3 n.2.)

"is truly unable to conceive of any set of facts under which [the] plaintiff would be entitled to relief").

For Count 2, Jackson brought a claim alleging impermissible racial discrimination under 42 U.S.C. § 1981. However, Jackson has not alleged that Walgreens intentionally discriminated against him – that Walgreens asked Jackson to leave **because** of his race and not for some other reason, for example. Jackson's allegation is that he was singled out because of his race, and his major supporting fact is that a Walgreens employee allegedly told Jackson that his "kind" were not wanted in the store. But in the context of the interaction that Jackson alleges that he had in the Walgreens store, where Jackson was wandering the store and had an encounter with a female customer that constituted either real or perceived harassment, it is not apparent that the employee's "kind" comment necessarily referred to race, or rather to the perceived harassment. And since the comment has an obvious non-racial pretext, at least on the facts pleaded in Jackson's current complaint, Jackson has not pleaded facts to support a finding of discriminatory **intent** and his § 1981 claim must fail, even if Jackson suffered from a discriminatory effect – that a white person might not have received the same treatment. The Magistrate Judge therefore did not err in recommending dismissal on Count 2. Additionally, the Magistrate Judge did not err in recommending that Count 2 should be dismissed without prejudice because it is theoretically possible that Jackson could add further detail to his narrative in a future complaint to properly state a § 1981 claim. *See Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 446 (8th Cir. 2014) (stating that a complaint may be dismissed with prejudice if amending the complaint to add new facts would be "futile").

Count III is Jackson's state-law intentional infliction of emotional distress ("IIED") claim, and the Magistrate Judge's report is correct that the Court may not exercise jurisdiction over the claim if all of Jackson's other claims are dismissed. The United States Constitution limits the jurisdiction of federal courts; federal courts can only hear cases of certain kinds and types. *See* U.S. Const. art. III, § 2 (listing the types of cases that may be heard in federal court). One type of case that federal courts typically hear is a case that involves a claim arising under federal law, *see* 28 U.S.C. § 1331 (authorizing federal question jurisdiction), and that would be the basis for the Court to hear, for example, Jackson's § 1981 claim and his § 2000a claim. But Jackson's IIED claim arises under state law, not federal law, and therefore cannot be maintained on its own in federal court under federal question jurisdiction. Another type of case that federal courts hear is a case that involves citizens of different states and an amount in controversy of more than $75,000. 28 U.S.C. § 1332 (authorizing diversity jurisdiction). But Jackson's IIED claim cannot be heard on this basis because, as the Magistrate Judge noted, John Doe #1 and #2 are both alleged to be Minnesota residents, just like Jackson. It is true that the Court may exercise supplemental jurisdiction over some state law claims that are related to a different claim or claims that the Court has federal question jurisdiction over, *see* 28 U.S.C. § 1367, but because the Court is dismissing all of Jackson's federal claims, the Court cannot hold onto the IIED claim on that basis, *Hervey v. Cty. Of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). It is possible that if Jackson re-alleges his § 1981 claim, he could also allege a proper IIED claim that could be maintained on supplemental jurisdiction. The Court therefore finds that the Magistrate

Judge did not err in recommending that Count 3 be dismissed, and dismissed without prejudice.

Finally, the Court notes that the 2011 Charge of Discrimination that Jackson filed with his objection papers does not alter the Court's analysis with regard to any of his claims. The document is a grievance Jackson filed with the Minnesota Department of Human Rights about a 2011 incident at the same Walgreens involving different employees. (Objs. at 3.) Jackson argues this document proves "a pattern of practices and behavior." (*Id.*) It is true that a pattern or practice of racially discriminatory behavior may in some instances give rise to a legally cognizable claim. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977) (describing how a pattern or practice claim, in the context of employment discrimination, may be made). But Jackson's current complaint does not allege any sort of pattern or practice claim, and the 2011 incident does not help cure the other issues in Jackson's claims, as discussed above and in the Magistrate Judge's R&R.

In sum, the Court finds that the Magistrate Judge's R&R contains no clear error, Jackson's objections must be overruled, and Jackson's complaint must be dismissed with prejudice, except for his claims in Count 2 and 3, which respectively allege claims of intentional discrimination under § 1981 and IIED under state law; it is conceivable that in a new complaint Jackson might be able to state a claim under those legal authorities if he fleshes out the facts of the incident at issue in a more thorough fashion.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 784], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated April 15, 2016 [Docket No. 6]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Jackson's Amended Complaint [Docket No. 4] is **DISMISSED**.  Counts 1, 4, and 5 of the Amended Complaint are **DISMISSED with prejudice**.  Counts 2 and 3 are **DISMISSED without prejudice**.

2.     Jackson's Application to Proceed *in forma pauperis* [Docket No. 2] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 10, 2016                         ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                          Chief Judge
                                                         United States District Court